YALOVITZ v. SCHUTZ.

(Supreme Court, Appellate Term. April 8, 1909.)

1. EVIDENCE (§ 588*)—WEIGHT AND SUFFICIENCY.

Though from the nature of the case it is impossible to show facts directly contradicting a claim of ownership of personal property, if the veracity of all the claimant's witnesses is seriously impeached, their testimony may be disregarded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Dec. Dig. § 588.*]

2. REPLEVIN (§ 72*)—RIGHT TO JUDGMENT ON THE MERITS.

If, in replevin, it is impossible to show facts directly contradicting plaintiff's claim, but his witnesses are impeached, so that their testimony may be disregarded, the court could dismiss the complaint; but judgment on the merits could not be awarded.

[Ed. Note.—For other cases, see Replevin, Dec. Dig. § 72.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jacob Yalovitz against Valentine A. Schutz. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

S. G. Geller (Ira Leo Bamberger, of counsel), for appellant.
Leopold W. Harburger, for respondent.

LEHMAN, J. The defendant is a city marshal, who has levied upon and seized goods alleged to belong to the plaintiff, but in the possession of one Hillel Diamond, upon a judgment and execution issued against the said Diamond. The plaintiff claims that the goods belonged to him and were delivered to Diamond only as a contractor.

Plaintiff, Diamond, Diamond's bookkeeper, and a man who occupied a loft with Diamond, all testify that the goods belonged to the plaintiff, and that the defendant was so informed before he seized the goods. The testimony as to the ownership of the goods is uncontradicted; but the defendant and his deputy do contradict the plaintiff and his witnesses upon details connected with the seizure and seriously impeach their veracity. From the nature of the case, it would be impossible for an outsider to show facts contradicting directly the claim of ownership; but, when the veracity of all the witnesses for the plaintiff is seriously impeached, the trial justice may disregard their testimony. If he disregards this testimony, he could find that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff had not sufficiently proven his cause of action, and dismiss the complaint; but he could not award judgment upon the merits.

The judgment should therefore be modified, by striking out the provision that it is upon the merits, and making it without prejudice to the plaintiff's right to bring a new action, and, as modified, affirmed, without costs to either party. All concur.